UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILIANA LOPEZ, *on behalf of herself and all others similarly situated*,<br><br>                              Plaintiffs,<br><br>                    -against-<br><br>MARTINS HOME & GARDEN, LLC,<br><br>                              Defendant. | 23-CV-02160 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

      On March 14, 2023, plaintiff Iliana Lopez sued defendant Martins Home & Garden, LLC, alleging violations of the American Disabilities Act, New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law. Dkt. 1 ¶¶ 53–108. Plaintiff is a visually-impaired and legally blind person who claims defendant's website is not accessible to blind persons. *Id.* ¶¶ 2, 8. Plaintiff is represented by counsel in this matter.

      On June 1, 2023, defendant filed a letter informing the Court of its intention to file a motion to dismiss. Dkt. 9. In response, plaintiff stated her desire to amend her complaint. Dkt. 20 ¶ 4.

      On June 7, 2023, this Court gave plaintiff until July 7, 2023, to file an amended complaint. Dkt. 13. Plaintiff failed to do so. Dkt. 14.

      On July 14, 2023, this Court extended the time for plaintiff to file an amended complaint to July 21, 2023. Dkt. 14. Again, plaintiff failed to do so. Dkt. 15.

      On July 24, 2023, this Court extended the time for plaintiff to file an amended complaint to July 28, 2023. *Id.* It warned that if plaintiff failed to file an amended complaint by then, the case would be dismissed without prejudice for failure to prosecute. Dkt. 15. Once again, plaintiff failed to do so.

      On the same day, plaintiff's counsel sought an extension of time for mediation. Dkt. 16. Plaintiff did not explain her failure to amend her complaint. Still, the Court granted the request, giving the parties 60 days to mediate.

      On August 9, 2023, this Court asked the parties for a status update in this case. Dkt. 19. The parties submitted a joint letter. Dkt. 20. The letter acknowledged that this Court previously warned that the case would be dismissed for failure to prosecute if plaintiff did not file an amended complaint by July 28, 2023. *Id.* at 2. Plaintiff did not explain why this case should not be dismissed for failure to prosecute, did not explain her repeated failures to comply with this Court's orders, and did not say whether an amended complaint might be forthcoming. Instead, plaintiff asked for an additional 60 days to conduct mediation and expressed hopes that the case would settle. *Id.* at 3.

On August 31, 2023, a mediation conference was scheduled for September 19, 2023. The mediation conference was not held; neither party explained to the Court what happened.

On September 28, 2023, a mediation conference was scheduled for November 20, 2023. The next day, this Court extended the deadline for mediation, *nunc pro tunc*, to November 21, 2023. Dkt. 21. It explained that "plaintiff must file a letter by November 21, 2023, updating the Court on the outcome fails mediation. It further explained (in all bold) that "if plaintiff fails to attend the mediation or fails to submit the status letter by November 21, 2023, this case will be DISMISSED FOR FAILURE TO PROSECUTE." *Id.* Still, the mediation was never held, and plaintiff failed to submit a status letter. In light of plaintiff's repeated failures to follow this Court's orders, this case is hereby DISMISSED for failure to prosecute.

Federal Rule of Civil Procedure 41(b) allows a district court to dismiss a case sua sponte for failure to prosecute. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). When determining whether to dismiss, the court must consider the following factors:
1. the duration of plaintiff's failures;
2. whether plaintiff was notified that further delays would lead to dismissal;
3. whether defendant is likely to be prejudiced by further delay;
4. the proper balance between alleviating court calendar congestion and protecting plaintiff's right to due process and an opportunity to be heard; and
5. whether lesser sanctions could be effective.

*Id.*

These factors clearly weigh in favor of dismissal here: Plaintiff's failures have persisted for nearly five months. Plaintiff was ordered to file an amended complaint by July 7, 2023. Dkt. 13. Plaintiff still has not done so, nor has she offered any explanation for her failure. Plaintiff was warned that further noncompliance would result in dismissal for failure to prosecute *two separate times*. Dkts. 15, 21. Defendant is likely to be prejudiced by further delay, as defendant asked this Court for permission to file a motion to dismiss five months ago. Dkt. 9; *see Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("Prejudice to defendants resulting from unreasonable delay may be presumed."). Plaintiff held off defendant's motion to dismiss by promising an amended complaint that never came and seemingly tried to seize on the time bought by the unfulfilled promise to force defendant to mediate instead of litigate. The Court has wasted resources continuously trying to coax plaintiff into action, and multiple mediation conferences have been canceled without explanation. Dkts. 14, 15, 21. Finally, the Court does not think that lesser sanctions would be effective, as the plaintiff has twice ignored warnings from the Court without explanation.

As such, this case is hereby DISMISSED without prejudice, and the Clerk of Court is respectfully directed to CLOSE this case.

SO ORDERED.

Dated: November 29, 2023
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

3